UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CURRY,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GEDDES,<br><br>        Defendant. | Case No. 1:20-cv-00235-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED, WITHOUT PREJUDICE<br><br>(ECF NO. 17)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

       Terrell Curry ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claim against defendant Geddes for retaliation in violation of the First Amendment. (ECF Nos. 11 & 16).

       On June 25, 2020, Plaintiff filed a motion for injunctive relief. (ECF No. 17).[1] On July 17, 2020, defendant Geddes filed her opposition. (ECF No. 23). On August 3, 2020, Plaintiff filed his reply. (ECF No. 26).

       For the reasons that follow, the Court will recommend that Plaintiff's motion be denied.

\\\

---

[1] In addition to or instead of injunctive relief, Plaintiff asks for a protective order under Federal Rule of Civil Procedure 26(c). However, Plaintiff's motion does not involve a dispute over discovery. Therefore, Federal Rule of Civil Procedure 26(c) is not applicable, and the Court will treat Plaintiff's motion as a motion for injunctive relief.

**I.     PLAINTIFF'S MOTION**

On June 15, 2020, at about 12:30 p.m., Plaintiff was called to the sergeant's office. Sergeant C. Tremble and Alcazarez told Plaintiff that defendant Geddes called him and informed him that Plaintiff has a lawsuit against her and that she does not want to be in the same dorm as Plaintiff (Dorm 3), even though she had been in the same dorm as Plaintiff for over six months without a problem. Plaintiff believes that defendant Geddes got her supervisors to retaliate for her. Sergeant Tremble told Plaintiff that he is going to make a housing change and move Plaintiff to Dorm 7, even over Plaintiff's objections. Sergeant Tremble specifically told Plaintiff it is because of his lawsuit against defendant Geddes.

Plaintiff was housed in Dorm 3 since arriving at California Correctional Institution in September of 2018. Defendant Geddes was a 2-day relief guard in Dorm 3 from about October of 2019.

In March of 2020, Plaintiff became part of the Men's Advisory Counsel ("MAC") for Dorm 3.

There has not been any issues between defendant Geddes and Plaintiff.

Defendant Geddes was served with the summons and complaint on or about May 8, 2020. There are several inmates who will make declarations regarding numerous statements by defendant Geddes, telling them how much she hates Plaintiff because Plaintiff is suing her, and that she does not want to deal with my regarding any MAC issues, and that she does not want Plaintiff in her building. These instances transpired after she was served.

Due to being re-housed in Dorm 7, in further retaliation, Plaintiff was adversely affected effected in several ways. Plaintiff was removed as the Dorm 3 MAC representative. Plaintiff had several privileges and benefits as the MAC representative. Plaintiff is unable to hold spiritual meetings with the one other member of Plaintiff's faith.

On June 16, 2020, at 3:40 p.m., a day after being internally transferred to Dorm 7, Plaintiff was again called to the sergeant's office where he was threatened and harassed regarding this lawsuit. The sergeants told Plaintiff that a confidential source told them that Plaintiff has been talking about suing and that Plaintiff better stop threatening to sue staff because he was

1 upset about being moved to Dorm 7.  The sergeants also told Plaintiff to keep quiet about the
2 lawsuit, if he wants to see his family.

3     After that, Plaintiff has been afraid of what might happen to him if he files another 602
4 appeal or another civil action regarding this new retaliation.  They have effectively chilled
5 Plaintiff's rights.  Plaintiff has a First amendment right to talk about addressing a wrong that was
6 done to him with another prisoner who Plaintiff may have been getting advice from.  If their
7 confidential source overheard Plaintiff discussing legal strategy, Plaintiff was well within his
8 right to do so without fear of staff trying to chill his rights.

9     There was no other reason to move Plaintiff other than to retaliate and disrupt his program
10 to inconvenience him.  The threats, harassment, and annoyances all stem from this litigation
11 against defendant Geddes.  They expressed this to Plaintiff both times he was called to the
12 sergeant's office.  It is also reasonable to assume this, based on Geddes' attitude after being
13 served with the summons and complaint just recently.  Plaintiff has been following all rules and
14 regulations and has not invited any harassment on himself.

15     Plaintiff asks for an injunction "holding that defendant or agents in concert with, cannot
16 prevent Plaintiff from exercising his First Amendment right to redress of grievance by retaliating
17 or threatening to do so for the exercise of his rights."  (ECF No. 17, p. 4).

18 **II.    DEFENDANT'S OPPOSITION**

19     Defendant opposes Plaintiff's motion.  Defendants argue that "Plaintiff's factual
20 allegations do not establish that he would be at risk of an irreparable harm if an injunction is not
21 issued, nor that he would suffer an immediate injury if Defendant Geddes is not enjoined from
22 some undefined action."  (ECF No. 23, p. 2).

23     "Plaintiff alleges no facts describing the relationship between Defendant and her putative
24 'agents.'  However, as service has been ordered only as to Defendant Geddes, the Court has not
25 exercised personal jurisdiction over any other individual; as such, injunctive relief may only be
26 sought as to Defendant Geddes, and may not be ordered as to any unserved correctional sergeants
27 or other correctional staff members."  (Id. at 4).

28     "As to the facts alleged regarding the conduct of Defendant Geddes, Plaintiff alleges only

that she requested that a sergeant rehouse Plaintiff in a dormitory in which she was not working. Plaintiff's allegations imply that Defendant Geddes cannot personally reassign Plaintiff to a particular housing facility, and he alleges no facts suggesting that Defendant personally took any action with regards to Plaintiff's housing.  Because Plaintiff is no longer living in the dormitory in which Defendant works, and because no facts suggest that Plaintiff has a 'reasonable expectation' that Defendant will again request that he be moved to a different dormitory, Plaintiff's request should be denied moot."  (Id. at 4-5) (citation omitted).

### III.    LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

**IV.   ANALYSIS**

The Court will recommend that Plaintiff's motion be denied because Plaintiff has not established that irreparable harm is likely if a preliminary injunction is not issued.

Plaintiff asks for an injunction "holding that defendant or agents in concert with, cannot prevent Plaintiff from exercising his First Amendment right to redress of grievance by retaliating or threatening to do so for the exercise of his rights."  (ECF No. 17, p. 4).[2]  While Plaintiff has submitted evidence that defendant Geddes retaliated against him again by moving him to a different dorm, there is no evidence that defendant Geddes is currently retaliating against Plaintiff.  Additionally, Plaintiff has alleged that he is no longer in the same dorm as defendant Geddes, there is no evidence that Plaintiff currently has any interactions with defendant Geddes, and there is no evidence that Plaintiff and defendant Geddes are likely to have any interactions in the future.[3]  Thus, Plaintiff has failed to establish that irreparable harm is likely if the Court does not grant his motion for a preliminary injunction.

Plaintiff has submitted at least some evidence that sergeants[4] threatened to retaliate against him after a confidential source told them that Plaintiff has been talking about suing because of the dorm transfer, telling Plaintiff to keep quiet about the lawsuit if he wants to see his family.  Plaintiff has also alleged that, after being threatened by the sergeants, Plaintiff is afraid of

---

[2] Plaintiff is not requesting that he be transferred back to Dorm 3.

[3] Defendants do not deny Plaintiff's allegations regarding defendant Geddes.  Instead, they argue, among other things, that the transfer is not actionable because Plaintiff has no constitutional right to a particular housing assignment.  While this may be true as a general rule, a transfer can constitute an adverse action for purposes of a First Amendment retaliation claim.  See, e.g., Vignolo v. Miller, 120 F.3d 1075, 1077-78 (9th Cir. 1997) ("an inmate may not be transferred to a new prison in retaliation for exercising his or her First Amendment rights, 'despite the fact that prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility.'") (quoting Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)).

[4] Plaintiff appears to be referring to Sergeant C. Tremble and Sergeant Alcazarez, but it is not clear.

1  what might happen to him if he files another 602 appeal or a civil action regarding this new
2  retaliation.  However, these sergeants are not defendants in this action, and there is no evidence
3  that, in threatening Plaintiff, these sergeants were acting in concert with defendant Geddes, or that
4  they are officers, agents, servants, employees, or attorneys of defendant Geddes.

5  An injunction binds only "the parties to the action," their "officers, agents, servants,
6  employees, and attorneys," and "other persons who are in active concert or participation."  Fed.
7  R. Civ. P. 65(d)(2)(A)-(C).  Additionally, "[w]hen a plaintiff seeks injunctive relief based on
8  claims not pled in the complaint, the court does not have the authority to issue an injunction."
9  Pac. Radiation Oncology, LLC, 810 F.3d at 633.  Thus, the Court does not have authority to issue
10  an injunction against the sergeants in this action.[5]

11  Accordingly, the Court will recommend that Plaintiff's motion for a preliminary
12  injunction be denied, without prejudice to Plaintiff either attempting to supplement his complaint
13  in this action or filing a new action based on the allegations in the motion, and then renewing the
14  motion in this action or filing it in the new action.

## V.   RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED, without prejudice to Plaintiff either attempting to supplement his complaint in this action or filing a new action based on the allegations in the motion, and then renewing the motion in this action or filing it in the new action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d

---

[5] Plaintiff may move to supplement his complaint to add the allegations regarding defendant Geddes and these two sergeants, if he chooses.

834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 24, 2020**                            /s/ *Erica P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE